IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OLCAN III PROPERTIES, LLC<br>438 N. CRAIN HIGHWAY<br>GLEN BURNIE, MD 21061 | * <br> <br> * | |
| PLAINTIFF | * | |
| V. | * | |
| GLOBAL TOWER HOLDINGS, LLC<br>116 HUNTINGTON AVE.<br>11TH FLOOR<br>BOSTON, MA. 02116<br>SERVE ITS RESIDENT AGENT:<br>THE CORPORATION TRUST INCORPORATED<br>2405 YORK ROAD<br>SUITE 201<br>LUTHERVILLE TIMONIUM MD 21093-2264 | *<br><br>*<br><br>* | CASE NO: 1:22-cv-02456-LKG |
| DEFENDANT | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>AMENDED COMPLAINT AND REQUEST FOR JURY TRIAL</u>

OLCAN III PROPERTIES, LLC, Plaintiff, by its attorney, Richard J. Hackerman, bring this action against Defendant, and in support of state the following:

1. Plaintiff is a business and owner of property located in Baltimore City, Maryland.

2. Defendant is the current holder of an easement and tenant of the real property located at 4437-4449 Belair Road, Baltimore, Maryland 21206, at the location of and with real property owned by the Plaintiff at that address.

3. This action arises based upon that agreement for an easement and net profits agreement between the parties.

4. Plaintiff granted an easement to T2 Unison Site Management, LLC on May 22, 2007 for the "transmission and reception of any and all wireless communication signals and the construction, maintenance, repair, replacement, improvement, operation and removal of towers, antennas, buildings, fences, gates and related facilities and any related activities and uses...", i.e., a cell phone tower which has been places on the top of the building located at the address referenced above.   There was also a Net Profits Agreement made between the same two parties on or about May 22, 2007.  Sometime in 2012 Plaintiff and Defendant Global Tower Partners entered into a Subrogation Agreement and Global Tower Partners became the tenant.  In 2018 Global Tower Partners assigned its interests in the Net Profits Agreement and the Easement Agreement to Defendant Global Tower Holdings, LLC.

5. Since January 1, 2021 and thereafter Defendant's use of the easement has caused damage to the Plaintiff's real and personal property which has caused Plaintiff to incur repair costs and to lose rents and profits. Said damages are continuing in nature.

## COUNT ONE- BREACH OF CONTRACT

6. Plaintiff incorporates herein the allegations of the preceding paragraphs.

7. Defendant and Plaintiff are parties to the easement and for the upkeep, operation, maintenance and repair.

8. Defendant has caused significant damage to the property of the Plaintiff.

9. Defendant breached the contract between the parties by failing to properly maintain the cell phone tower and area supporting the cell phone tower which as a result has damaged Plaintiff's property.

10. Plaintiff incurred damages in excess of $75,000.00.

## COUNT TWO-NEGLIGENT MISREPRESENTATION

11. Plaintiff incorporates herein the allegations of the preceding paragraphs.

12. Defendant negligently asserted that they would repair, replace, and maintain the area of the easement and to not damage Plaintiff's property.

13. Defendant owes and owed a duty of care to not damage Plaintiff's property.

14. Defendant made these assertions with the intention that the Plaintiff would rely on them.

15. Defendant knew that the Plaintiff would rely on the assertions and the contract between the parties, specifically for repairs and upkeep, which if assertions were not true, would cause damage to the property at issue.

16. Plaintiff justifiably relied on Defendant's promises that it would repair, replace and maintain the area of the easement.

17. Plaintiff incurred damages in excess of $75,000.00.

## COUNT THREE- NEGLIGENCE

18. Plaintiff incorporates herein the allegations of the preceding paragraphs.

19. Defendant has a duty of care of reasonable and adequate maintenance and repair for the property they were using for its cell phone tower.

20. Defendant breached that duty by negligently and recklessly causing damage to the property of the Plaintiff.

21. Damages to the Plaintiffs property were caused by the actions and omissions of the Defendant.

22. Plaintiff suffered damages in excess of $75,000.00.

## COUNT FOUR- PRIVATE ACTION FOR PUBLIC NUISANCE

23. Plaintiff incorporates herein the allegations of the preceding paragraphs.

24. Defendant's damage to Plaintiff's real property is an invasion of Plaintiff's uses and enjoyment of his property. Defendant took actions with its equipment and its lack of maintenance and care of Plaintiff's property which has caused substantial and unreasonable harm to Plaintiff.

25. Defendant's action are intentional and unreasonable.

26. Defendant's actions are unintentional but avoidable by simply using ordinary care to protect Plaintiff's property and not acting negligently and recklessly.

27. Plaintiff suffered the loss of rents and the costs of repairs, a harm of a kind different from that suffered by other members of the general public.

28. Defendant's conduct constitutes a nuisance and the injuries to the Plaintiff entitle Plaintiff to damages.

29. Plaintiff has suffered damages in excess of $75,000.00.

Wherefore the Plaintiff claims the following:

A. Compensatory damages in the amount of $75,000.00 against the Defendant.

B. Its reasonable counsel fees.

C. For such other and further relief as is necessary.

/s/ Richard J. Hackerman
_____
Richard J. Hackerman
3635 Old Court Road Suite 208
Baltimore, MD 21208
410 243 8800 (phone)
410 630 7232 (fax)
Attorney for Plaintiff
CPF No.: 8212010181

richard@richardhackerman.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing was served on the below listed counsel for the Defendant via the CM/ECF System

Douglas A. Sampson, Esquire
Saul Ewing Arnstein & Lehr LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland 21202

douglas.sampson@saul.com

this 14TH day of November, 2022.   /s/ Richard J. Hackerman

_____
Richard J. Hackerman

## CERTIFICATE OF COMPLIANCE

I hereby certify that the attached submission does not contain any restricted information, or if it does contain restricted information, a redacted submission has been filed contemporaneously pursuant to Maryland Rule 20-201(f)(2).

/s/ Richard J. Hackerman

_____
Richard J. Hackerman
Richard J. Hackerman, P.A.
3635 Old Court Road
Suite 208
Baltimore, Maryland 21208
(410) 243-8800 (phone)
(410) 630-7232 (fax)
Attorney for the Plaintiff
Client Prot. No.:8212010181
Richard@RichardHackerman.com