

Douglas A. Sampson
Phone: (410) 332-8661
Fax: (410) 332-8862
Douglas.Sampson@saul.com
www.saul.com

December 6, 2022

**VIA ECF**
The Honorable Lydia Kay Griggsby
United States District Judge
United States District Court for
 the District of Maryland

Re:   *OLCAN III Properties, LLC v. American Tower Corporation*, No. 1:22-cv-02456-LKG
      NOTICE OF INTENT TO FILE A MOTION TO DISMISS

Dear Judge Griggsby:

  This Firm represents Defendant, Global Tower Holdings, LLC ("Defendant") in the above-captioned litigation filed by OLCAN III Properties, LLC ("Plaintiff"). On September 27, 2022, Defendant removed the case to this Court. The litigation was originally filed in the Circuit Court for Baltimore City and erroneously named American Tower Corporation as the defendant. Plaintiff filed an amended complaint ("Amended Complaint") on November 15, 2022 that substituted the defendant Global Tower Holdings, LLC in place of American Tower Corporation.

  Pursuant to Section II.A.2 of the Case Management Order [ECF No. 5], Defendant gives notice that it intends to file a motion to dismiss the Amended Complaint. In accordance with Section II.A.5 of the Case Management Order, counsel for Defendant has conferred with counsel for Plaintiff and a proposed briefing schedule is set forth below. Since granting Defendant's motion would effectively end this litigation, the parties agree that the matters set forth herein likely cannot be resolved without a motion.

  Plaintiff has neglected its property for years, failing to conduct the routine upkeep and care required to maintain the building. Defendant's lease space occupies only a small portion of the building's rooftop. Instead of addressing the damage caused by its own neglect, Plaintiff filed this lawsuit in an attempt to coerce Defendant into paying for repairs at the property.[1]

---

[1]  Plaintiff's harassment of its own tenant does not end with this litigation. On November 10, 2022, Plaintiff's sole member, Tony Sadeghi, filed a separate lawsuit in the District Court of Maryland for the City of Baltimore against undersigned counsel and an in-house attorney for Defendant. *See Sadeghi v. Simpson* [sic], Case No. 010100193502022.[1] Despite being represented by counsel, Mr. Sadeghi has repeatedly called and emailed Defendant's employees making threats and demanding immediate payment. The most recent instance occurred on

Harbor East ♦ 1001 Fleet Street, 9th Floor ♦ Baltimore, MD 21202-4359
Phone: (410) 332-8600 ♦ Fax: (410) 332-8862

DELAWARE   FLORIDA   ILLINOIS   MARYLAND   MASSACHUSETTS   MINNESOTA   NEW JERSEY   NEW YORK   PENNSYLVANIA   WASHINGTON, DC
A DELAWARE LIMITED LIABILITY PARTNERSHIP

The Honorable Lydia Kay Griggsby                     December 6, 2022
U.S. District Judge
Page 2

The Amended Complaint should be dismissed for failure to state a claim upon which relief may be granted.[2] *See* FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss, a complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must contain more than "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement. . ." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). "Put another way, 'an unadorned, the-defendant-unlawfully-harmed-me accusation' does not state a plausible claim for relief." *Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 583–84 (D. Md. 2019) (quoting *Iqbal*, 556 U.S. at 678).

This Amended Complaint is the textbook definition of a "defendant harmed me" accusation. It contains just five factual allegations before the causes of action, two of which simply introduce the parties. *See* Am. Compl. at ¶¶ 1-5. The Amended Complaint generally alleges: (1) that Plaintiff and Defendant are parties to an easement agreement and net profits agreement; and (2) Defendant's use of the easement "has caused damage to the Plaintiff's real and personal property. . ." *Id.* at ¶¶ 3-5. Plaintiff brings claims for breach of contract; negligent misrepresentation; negligence; and private action for public nuisance. *Id.* ¶¶ 6-29. The Amended Complaint contains only bare assertions and unsupported legal conclusions, which are insufficient to state a claim upon which relief may be granted. *Fulton v. Johns Hopkins Univ.*, No. 21-CV-02326-LKG, 2022 WL 2275464, at *2 (D. Md. June 23, 2022); *GE Inv. Private Placement Partners II, L.P. v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001).

Under Maryland law, "'skeletal factual allegations accompanied by nothing more than mere conclusions and general averments of a breach of a contractual duty do not suffice to establish' a plaintiff's breach of contract claim." *Titan Custom Cabinets, Inc. v. Truist Bank*, 505 F. Supp. 3d 558, 567 (D. Md. 2020) (quoting *Cont'l Masonry Co. v. Verdel Const. Co.*, 279 Md. 476, 481, 369 A.2d 566, 569 (1977)). The Amended Complaint fails to allege any action, or inaction, by Defendant that breached the easement agreement or otherwise harmed Plaintiff. Because the Amended Complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements," the breach of contract claim is insufficient and must be dismissed. *Twombly*, 550 U.S. at 555.

---

December 1, 2022. Mr. Sadeghi's intent is clear- to harass and intimidate Defendant into acquiescing to his demands. Plaintiff's counsel was not involved in the filing of the additional nuisance lawsuit nor the direct contact of Defendant.

[2]   Neither Defendant nor American Tower Corporation was ever properly served with a summons and copy of the complaint as required by Maryland Rule 2-121 and FED. R. CIV. P. 5. Plaintiff's counsel merely emailed a copy of the state court complaint (with no summons) to Defendant's in-house counsel. The case should be dismissed because this Court cannot exercise personal jurisdiction over a Defendant that was not properly served. *See* FED. R. CIV. P 12(b)(4); *Srivastava v. Kelly Servs., Inc.*, No. 19-CV-03193-LKG, 2022 WL 2716868, at *4 (D. Md. July 13, 2022) (*citing Koehler v. Dodwell*, 152 F.3d 304, 306 (4th Cir. 1998)). Since the Amended Complaint also fails to state a claim, it should be dismissed on the merits and with prejudice.

The Honorable Lydia Kay Griggsby                                          December 6, 2022
U.S. District Judge
Page 3

      The negligent misrepresentation and negligence claims do not state a claim upon which relief may be granted because each requires a duty independent of an existing contractual obligation.  *Sun-Lite Glazing Constr., Inc. v. Berkowitz*. 37 F. App'x 677 (4th Cir. 2002) (in claim for negligent misrepresentation the alleged duty must be independent from any contractual obligation already imposed on Defendant); *Ming-Lewis v. Standard Fire Ins. Co.*, No. CIV.A. CCB-05-1412, 2005 WL 1923155, at *2 (D. Md. Aug. 10, 2005) (A negligence claim based upon breach of a contract cannot survive "absent a duty of obligation imposed by law independent of that arising out of the contract itself. . ."); *see also* M*esmer v. Maryland Auto. Ins. Fund*, 353 Md. 241, 725 A.2d 1053, 1059 (Md.1999).

      The negligent misrepresentation alleged by Plaintiff is that Defendant failed to fulfill a provision of the easement agreement.  *See* Am. Compl. at ¶ 12.  In the negligence claim, Plaintiff alleges that Defendant failed to fulfill its obligation under the easement agreement to maintain and repair the property.  *See* Am. Compl. at ¶ 19.  The duty alleged in both claims is identical to Defendant's purported *contractual* obligations under the easement agreement.  Additionally, the Amended Complaint does not properly allege causation between Defendant's actions or inactions and the unspecified damage alluded to.  These allegations cannot legally support claims for negligent misrepresentation and negligence, and the claims should be dismissed.

      To plead a claim for private action for public nuisance, a plaintiff must allege that a defendant took actions that unreasonably interfered with the community at large.  *Walder v. Resthaven Mem'l Gardens*, 98 Md. App. 371, 397, 633 A.2d 466, 478 (1993).  The Amended Complaint does not allege that Defendant's conduct interfered with the rights of the community or affected the general public.  *See* generally Am. Compl.  Therefore, the claim must be dismissed. *Tadjer v. Montgomery County*, 300 Md. 539, 552, 479 A.2d 1321 (1984).

      For all of these reasons, Defendant respectfully requests an opportunity to file a motion to dismiss.  Plaintiff's counsel is unavailable during the first two weeks of February.  Therefore, the parties have agreed to the following briefing schedule:

      February 1, 2023      Defendant shall file the motion to dismiss;
      March 1, 2023         Plaintiff shall file any opposition to the motion to dismiss; and
      March 15, 2023        Defendant shall file any reply in support of the motion to dismiss.

      We look forward to speaking with Your Honor at the Pre-Motion Conference.

      Very truly yours,

      */s/ Douglas A. Sampson*

      Douglas A. Sampson

cc:      All Counsel of Record