IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

**OLCAN III PROPERTIES, LLC,**          *

    **Plaintiff,**          *

                                      **Civil Action No. RDB-22-2456**

    **v.**          *

**GLOBAL TOWER
HOLDINGS, LLC,**          *

    **Defendant.**
\*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*      \*

**MEMORANDUM OPINION**

Plaintiff Olcan III Properties, LLC ("Plaintiff" or "Olcan") brings this four-count action against Defendant Global Tower Holdings, LLC ("Defendant" or "Global Tower") for Defendant's alleged damage to Plaintiff's real property. (Amended Complaint, ECF No. 12.) Global Tower has filed a Motion to Dismiss (ECF No. 15) principally arguing that Plaintiff's Amended Complaint advances unsupported and threadbare assertions. The Court has considered the relevant filings (ECF Nos. 15, 16, 17) and finds no hearing necessary. Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Defendant's Motion is GRANTED. More specifically, Plaintiff's breach of contract claim (Count One) is DISMISSED WITHOUT PREJUDICE and Plaintiff is granted fifteen days within the date of this Memorandum Opinion to amend that claim. Plaintiff's claims for negligent misrepresentation (Count Two), negligence (Count Three), and public nuisance (Count Four) are DISMISSED WITH PREJUDICE.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). Plaintiff owns real property in Baltimore, Maryland, and Defendant is the current tenant and holds an easement to that property. (ECF No. 12 at 1.)

In May 2007, prior to Defendant's occupancy, Plaintiff granted T2 Unison Site Management, LLC ("T2") an easement in the "transmission and reception of any and all wireless communication signals and the construction, maintenance, repair, replacement, improvement, operation and removal of towers, antennas, buildings, fences, gates and related facilities and any related activities and uses" to a "cell phone tower" affixed to the top of Plaintiff's building. *Id.* at 2. Olcan also entered into a "Net Profits Agreement" with T2 on the same day. *Id.*

Five years later, in 2012, Olcan and Global Tower Partners[1] entered a "Subrogation Agreement" and Global Tower Partners became a tenant of the building. (ECF No. 12 at 2.) Thereafter, Global Tower Partners "assigned its interests in the Net Profits Agreement and the Easement Agreement" to Defendant Global Tower Holdings in 2018. *Id.* Plaintiff alleges

---

[1] Plaintiff's Amended Complaint names one Defendant, Global Tower Holdings, LLC. However, Olcan also refers to "Defendant Global Tower Partners" as a separate entity in recounting the facts of the case. (ECF No. 12 at 2.) It is unclear whether Plaintiff intended to file suit against both Global Tower Holdings, LLC, and Global Tower Partners. As styled, the Court shall construe Plaintiff's Complaint as solely against Global Tower Holdings, LLC.

standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

**ANALYSIS**

Defendant moves to dismiss each of Plaintiff's four claims, all of which are brought under state law. As the basis of this Court's jurisdiction lies in diversity of citizenship under 28 U.S.C. § 1332(a), Maryland law applies. *Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255, 261 n.3 (4th Cir. 2013) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)). Each of Plaintiff's claims are addressed in turn.

**I.   Breach of Contract (Count One)**

Olcan asserts that Global Tower "breached the contract between the parties by failing to properly maintain the cell phone tower and area supporting the cell phone tower" which has caused damage to the property. (ECF No. 12 at 2.) In Maryland, the elements of a claim for breach of contract are "'contractual obligation, breach, and damages.'" *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting *Kumar v. Dhanda*, 17 A.3d 744,

749 (Md. Ct. Spec. App. 2011)). "It is well-established in Maryland that a complaint alleging a breach of contract must of necessity allege with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant." *RRC Ne., LLC v. BAA Maryland, Inc.*, 994 A.2d 430, 440 (Md. 2010) (internal quotations and citations omitted).

Plaintiff's Amended Complaint references two agreements: "agreement for an easement and net profits agreement." (ECF No. 12 at 1.) In the light most favorable to Olcan, the breach of contract claim likely relates to the parties' easement agreement, but the claim is otherwise completely devoid of any factual allegations for the Court to interpret. Olcan has failed to plead any terms of this "easement agreement", and it is consequently unclear what contractual obligation Global Towers could have breached. Furthermore, Olcan has not alleged what type of damage has resulted from the purported breach. Plainly, Plaintiff's allegations wholly fail to include facts supporting its breach of contract claim and amount to mere recitation of the elements. *See Dern v. Liberty Mut. Ins. Co.*, No. GJH-15-1737, 2015 WL 8665329, at *4 (D. Md. Dec. 11, 2015) ("the Complaint does not indicate what provision of the insurance agreement has been implicated, how Defendant's conduct breached any such provision, or what damage occurred"). Accordingly, Plaintiff's breach of contract claim (Count One) is DISMISSED WITHOUT PREJUDICE, with the opportunity to file a Second Amended Complaint within fifteen days of the date of this Memorandum Opinion. *See Dern*, 2015 WL 8665329, at *4 (allowing leave to amend deficiently plead breach of contract claim).

**II.  Negligent Misrepresentation (Count Two) and Negligence (Count Three)**

Olcan's claims for negligent misrepresentation and negligence are predicated on damage to Plaintiff's real property despite Defendant's alleged assertion "and the contract" that it would "repair, replace, and maintain the area of the easement." (ECF No. 12 at 3.) Claims of negligent misrepresentation and negligence both require that a defendant owe a plaintiff a duty separate from a contractual obligation. *See CapitalSource Fin., LLC v. Pittsfield Weaving, Co., Inc.*, 571 F. Supp. 2d 668, 674 (D. Md. 2006) ("a claim for negligent misrepresentation is improper when the only relationship between the parties is contractual, both parties are sophisticated, and the contract does not create an express duty of care in making representations."); *see also Jacques v. First Nat'l Bank*, 515 A.2d 756, 759 (Md. 1986). ("[t]he mere negligent breach of a contract, absent a duty or obligation imposed by law independent of that arising out of the contract itself, is not enough to sustain an action sounding in tort."). "When the dispute is over the existence of any valid contractual obligation covering a particular matter, or where the defendant has failed to recognize or undertake any contractual obligation whatsoever, the plaintiff is ordinarily limited to a breach of contract remedy." *Mesmer v. Maryland Auto. Ins. Fund*, 725 A.2d 1053, 1059 (Md. 1999). In other words, a negligence claim is improper where it is based solely on an underlying breach of contract. *Id.* at 1058 ("A contractual obligation, by itself, does not create a tort duty. Instead, the duty giving rise to a tort action must have some independent basis.").

Here, the relationship between Olcan and Global Towers was purportedly contractual, and Plaintiff has failed to allege any other duty it was owed. Said differently, Plaintiff brings these negligence claims based solely on Defendant's alleged failure to comply with a contract. Without a duty independent from that contract, there is simply no claim which can be founded

6

in negligence. Plaintiff's Opposition cites to various provisions in the "Fire and Related Codes of the Baltimore City Revised Code" to assert that Global Tower had an independent duty to maintain and repair the building's structures. (ECF No. 16-1 at 5-6.) These independent duties were not plead in Plaintiff's Amended Complaint, nor does the Opposition explain how or what part of those Codes were violated. (ECF No. 17 at 3); *see Zachair, Ltd. v. Driggs*, 965 F.Supp. 741, 748 (D. Md. 1997), *aff'd*, 141 F.3d 1162 (4th Cir. 1998) (plaintiff "is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint.").

Even if Plaintiff had properly asserted that Olcan owed a duty independent of the parties' alleged contractual obligations, Defendant also argues that Plaintiff has failed to allege any facts supporting causation. (ECF No. 15-1 at 7.) Plaintiff's Amended Complaint summarily states that damages to property were caused by Defendant's assertions, actions, and omissions. (ECF No. 12 at 3.) Plaintiff attempts to excuse this deficiency by explaining that Olcan's mere "use of the easement caused damage" and that only discovery can reveal "such a detailed characterization" of Defendant's actions. (ECF No. 16-1 at 6.) Without more, there is not enough factual matter for a cognizable claim. Plaintiff has not plead any facts surrounding how or in what way Olcan uses the cellphone towers, nor does Plaintiff even explain the apparent damages to same. To be clear, Olcan is not required to provide "detailed factual allegations", but the Amended Complaint is currently only "supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Accordingly, Plaintiff's claims for negligent misrepresentation (Count Two) and negligence (Count Three) are without basis and shall be DISMISSED WITH PREJUDICE.

### III.     Private Action for Public Nuisance (Count Four)

Olcan's "private action for public nuisance" claim asserts that Defendant has damaged its property and that the damage "is an invasion of Plaintiff's uses and enjoyment of his property." (ECF No. 12 at 4.) A tort action for public nuisance is defined as "an unreasonable interference with a right common to the general public." *Collins v. Tri-State Zoological Park of W. Maryland, Inc.*, 514 F. Supp. 3d 773, 780 (D. Md. 2021) (quoting Restatement (Second) of Torts § 821B (Am. L. Inst. 1979)) (internal quotations omitted). Conduct unreasonably interferes "with a public right if it: (a) 'involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience', or (b) 'is proscribed by a statute, ordinance or administrative regulation.'" *Id.* (quoting Restatement § 821(B)).

Plaintiff's Complaint does not plead that Defendant's use of the cell tower easement is an "unreasonable interference", nor does Plaintiff allege that use of the cell tower is a "right common to the general public." *Collins*, 514 F. Supp. 3d at 780. Plaintiff's Opposition purportedly concedes that its claim is one for a private, and not public, nuisance. (ECF No. 16-1 at 6.) As previously alluded, a plaintiff cannot amend a complaint through briefings on a motion to dismiss. *Whiting–Turner Contracting Co. v. Liberty Mut. Ins. Co.*, 912 F. Supp. 2d 321, 334 (D. Md. 2012) ("complaint may not be amended by the briefs in opposition to a motion to dismiss"). Furthermore, even if this Court were to entertain the notion that the Complaint included a claim for a private nuisance, the facts are so deficiently plead that dismissal would be warranted nonetheless. As Defendant highlights, the Amended Complaint "does not identify any action or inaction by Global Tower that caused any harm to the property." (ECF

8

No. 17 at 4.) Without more, there is simply no basis for a nuisance claim. Consequently, Plaintiff's claim for public nuisance (Count Four) is DISMISSED WITH PREJUDICE.

### IV. Plaintiff's Amended Complaint is Dismissed with Prejudice in Part

A plaintiff may amend its complaint as a matter of course within twenty-one (21) days of serving it, or twenty-one days "after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "[W]hen the district court believes a deficiency in a complaint can be cured, it should say so and grant leave to amend." *Britt v. DeJoy*, 45 F.4th 790, 796 (4th Cir. 2022). Otherwise, "when a district court dismisses a complaint or all claims without providing leave to amend … the order dismissing the complaint is final and appealable." *Id.*

As to Plaintiff's breach of contract claim in Count One, if Plaintiff possesses facts to cure such manifest deficiencies addressed in this Memorandum Opinion, it may file a Second Amended Complaint within fifteen days of this Opinion. Such an Amended Complaint may still be subject to dismissal by reason of repeated failure to cure deficiencies or futility of the amendment. *Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008). Accordingly, dismissal with respect to Plaintiff's breach of contract claim (Count One) will be WITHOUT PREJUDICE. If a Second Amended Complaint is not filed within fifteen days of the date of this Memorandum Opinion, the dismissal will be WITH PREJUDICE.

Conversely, the Court does not believe Plaintiff can cure the abundant deficiencies in Counts Two, Three, and Four in the Amended Complaint and therefore those claims will be

9

DISMISSED WITH PREJUDICE. In brief, amendment is inappropriate and futile because Plaintiff's claims are patently unsupported and improperly predicated solely on its breach of contract claim. In addition, Plaintiff has already amended its Complaint once, has failed to properly serve Defendant Global Tower,[2] and has only minimally argued that its significant pleading deficiencies in Counts Two, Three, and Four may be cured. Accordingly, Plaintiff's claims in Counts Two, Three, and Four are dismissed with prejudice. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008) (dismissal with prejudice is proper where amendment would be futile).

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 15) is GRANTED and Plaintiff's Amended Complaint (ECF No. 12) is DISMISSED. More specifically, Count One of Plaintiff's Amended Complaint is DISMISSED WITHOUT PREJUDICE and Plaintiff is granted fifteen days within the date of this Memorandum Opinion to amend that claim. Counts Two, Three, and Four are DISMISSED WITH PREJUDICE. A separate Order follows.

Dated: April 25, 2023                                          _____/s/_____
                                                               Richard D. Bennett
                                                               United States District Judge

---

[2] Defendant's Motion to Dismiss additionally argues that dismissal is proper for insufficient service of process under Federal Rule of Civil Procedure 12(b)(4). Defendant asserts that it was never properly served with the Amended Complaint, and that Plaintiff's counsel "merely emailed a copy of the state court complaint" to counsel for the previously-named Defendant instead. (ECF No. 15-1 at 8-9.) Plaintiff concedes that Global Tower was not properly served once the Complaint was amended, but asserts that improper service is immaterial because "Defendant's due process rights have been complied with and the Defendant has been heard." (ECF No. 16-1 at 7.) The Court need not reach this issue because the Amended Complaint will be dismissed under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.