IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

OLCAN III PROPERTIES, LLC     *

    PLAINTIFF     *

V.

GLOBAL TOWER HOLDINGS, LLC     *     Civil Action No. RDB 22-2456

    DEFENDANT.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

AMENDED COMPLAINT
AND
<u>REQUEST FOR JURY TRIAL</u>

    OLCAN III PROPERTIES, LLC, Plaintiff, by its attorney, Richard J. Hackerman, brings this action against Defendants, and in support of state the following:

    1. Plaintiff is a Maryland Limited Liability Company.  Defendant is a Delaware Limited Liability Company.

    2. Plaintiff is the owner of a residential and commercial building located in Baltimore City, Maryland, known as 4437-4449 Belair Road, Baltimore City, Maryland. 21206 (hereinafter the "building").

<u>CONTRACTS</u>

<u>ROOFTOP LEASE WITH OPTION</u>

3. That Plaintiff's predecessor in interest in the aforesaid building and real property, Gardenville Realty Company, Inc., as Landlord entered into a rooftop lease with option dated January 9, 2001 with Omnipoint Communications Cap Operations, LLC, Tenant.

4. The agreement provided for the proper maintenance of the building by Tenant and a duty to care for the building and to keep the building in good repair by the Tenant.

5. Defendant Global Tower Holdings, LLC, is the present successor in interest to the lease, the current assignee, and is subject to the terms and conditions of the Lease.

6. The agreement is specifically incorporated and referenced in the easement agreement referenced later herein recorded among the Land Records of Baltimore City in Liber 9559 Folio 693.

7. The rights and obligations of this lease were assigned to Defendant Global Tower Holdings, LLC, by virtue of an assignment dated December 29, 2017 recorded among the Land Records of Baltimore City in Liber 20137 Folio 497.

8. Global Tower Holdings, LLC, within the assignment referenced above agreed to "assume and accept all of the rights, obligations, title and interest of said Assignor under, in and to" the May 22, 2007 easement and its amendments ... "together with any and all net profit agreements, leases, subleases, license agreements, management agreements, marketing agreements, access agreements, and other related agreements pertaining to such site ..."

COMMUNICATIONS SITE LEASE AGREEMENT (BUILDING)

9. The building is also subject to a communications site lease agreement by and between Plaintiff, as landlord and Nextel Communications of Mid-Atlantic, Inc., as Tenant dated April 30, 2006.  Defendant Global Tower Holdings, LLC, is the present successor in interest to the lease, the current assignee, and is subject to the terms and conditions of the Lease.

10. The agreement is specifically incorporated and referenced in the easement agreement referenced later herein recorded among the Land Records of Baltimore City in Liber 9559 Folio 693.

11. The agreement provides the Tenant has the right to construct, erect, maintain, replace, remove and operate in the building communications facilities.  The agreement provides "All of tenant's construction and installation work shall be performed at Tenant's sole cost and expense and in a good and workmanlike manner."  The agreement provides  "Tenant has the right to remove the Tenant Facilities at its sole expense ....and Tenant shall repair any damage to the Premises caused by such removal". The agreement further provides "Tenant shall repair any damage to the Premises or Property caused by the negligence or willful misconduct of Tenant".

12. The rights and obligations of the lease were assigned to Defendant Global Tower Holdings, LLC, by virtue of an assignment dated December 29, 2017 recorded among the Land Records of Baltimore City in Liber 20137 Folio 497.

13. . Global Tower Holdings, LLC, within the assignment referenced above agreed to "assume and accept all of the rights, obligations, title and interest of said Assignor under, in and to" the May 22, 2007 easement and its amendments ... "together with any and all net profit agreements, leases, subleases, license agreements, management agreements, marketing agreements, access agreements, and other related agreements pertaining to such site ..."

## EASEMENTS TO THE PROPERTY

14  The property known as 4437-4449 Belair Road is subject to an easement dated May 22, 2007, recorded among the land records of Baltimore City in Liber 9559 Folio 693.

15.  The easement provides the Plaintiff, set forth in the agreement, as "Site Owner" grants to T2 Unison Site Management, LLC (hereinafter "Unison"), the predecessor in interest to the Defendant, Global Tower Holdings, LLC , the right to use a portion of the building, the rooftop for the transmission and reception of wireless communication signals, i.e, a cell tower.

16.  The easement provides access to Unison for the construction, maintenance, repair, replacement, improvement and operation of the towers, antennas, buildings, fences, gates and wireless facilities.

17.  The easement provides for an exclusive easement over the rooftop of the building, a non-exclusive easement over portions of the property for ingress and egress to the rooftop area and the communication facilities located thereon, and a non-exclusive easement for ingress and egress to other portions of the building to connect the telecommunication equipment to electric, wiring and other personal property to support and maintain the cell tower.

18.  The parties to the Easement had a general indemnity provision which provides: "Site Owner and Unison shall each indemnify, defend and hold the other harmless against any and all costs (including reasonable attorney's  fees) and claims of liability or arising (I) due to breach of any representation, warranty or covenant of such indemnifying party set forth herein; and (ii) out of the use and/or occupancy of the Property and Easements by the indemnifying party.

19.  A first amendment to the easement to which Plaintiff was not a party dated September 29, 2008 was recorded among the Land Records of Baltimore City in Liber 13231 Folio 008 was recorded in error and describes a different property.

20. A second amendment to the easement was entered into on December 30, 2009 and recorded among the Land Records of Baltimore City at Liber 12370 Folio 335 corrected the misfiling referenced in paragraph 19.

21. The rights and obligations of Unison were assigned to Defendant Global Tower Holdings, LLC, by virtue of an assignment dated December 29, 2017 recorded among the Land Records of Baltimore City in Liber 20137 Folio 497.

22. Global Tower Holdings, LLC, within the assignment referenced above agreed to "assume and accept all of the rights, obligations, title and interest of said Assignor under, in and to" the May 22, 2007 easement and its amendments ... "together with any and all net profit agreements, leases, subleases, license agreements, management agreements, marketing agreements, access agreements, and other related agreements pertaining to such site ..."

NET PROFITS AGREEMENT

23. Pursuant to the easement referenced prior hereto, the portion of the building subject to the easement may be leased, and the rights and revenues derived thereon, assigned, including but not limited to the revenues from the building, cell tower, easement and all rights set forth therein.

24. On May 22, 2007 Plaintiff entered into a net profits agreement wherein Unison agreed to pay Plaintiff 40% of the excess revenue, defined as rent actually received, less costs and expenses of Unison due to Plaintiff's failure to comply with its obligations under the easement agreement referenced herein and 40% of any collection costs incurred in obtaining the rents.

25. That agreement has been amended on two occasions. The first amendment was a sale by Plaintiff of a portion of its claim to the excess revenue set forth above. The second amendment provides that scheduled rent from which the excess revenue shall be divided between the parties includes rent derived from a June 22, 2009 license agreement between Unison as

licensor and Clear Wireless Broadband, LLC as licensee. This is primarily but not all of the rent that is required to be divided between Plaintiff and Defendant.

26. Defendant Global Tower Holdings, LLC is the successor in interest to the Net Profit Agreements and the amendments thereto by virtue of an assignment dated December 29, 2017 recorded among the Land Records of Baltimore City in Liber 20137 Folio 497. The Defendant is obligated to pay Plaintiff pursuant to the terms of the net profits agreement and the amendments thereto.

BREACHES

27. The Defendant has violated the terms of the leases, easements and agreements referenced above by:

A. Damaging the rooftop area of the building including the structure of the roof, beams, parapet walls, shingles, rafters and putting holes and gaps in the roof from the installation, maintenance and removal of cell phone antennas and equipment.

B. Damaging the three floors below the roof by causing the damage to the roof as set forth in paragraph 27A which resulted in leaks and damage to the ceilings and walls of the commercial units and apartments below and the infrastructure of the building.

C. Damaging the areas of the building upon which it has an exclusive easement as set forth herein.

D. Damaging the areas of the building upon which it has non-exclusive easements as set forth herein.

E. Failing to properly maintain the building and keep it good repair as required by the January 9, 2001 rooftop lease with option as referenced in paragraphs 3 through 8 herein. The installation, removal, maintenance and repair of the cell phone towers and equipment caused damaged to the

roof and the apartment and commercial units located within the building as well as the building infrastructure as set forth herein.

F.  Failing to abide by the terms of the April 30, 2006 agreement as set forth in paragraphs 9 through 13 herein by not performing the construction and installation work within the building in a good and workmanlike manner and by failing to repair damage to the premises it caused, by failing to repair damage to the building caused by removing and replacing equipment, and negligently performing its installation and construction work within the building causing damage to the roof, rooftop, the floors below the roof and the infrastructure throughout the building.  The installation, removal, maintenance and repair of the cell phone antennas and equipment caused damaged to the roof and the apartments and commercial units located within the building.

G.  Leaving the building open to the public by failing to secure and lock the building after accessing the building.

H.  By failing to abide by the terms of the easement referenced in paragraphs 14 through 22 herein, specifically breaching the general indemnity provision of the easement which provides the parties shall hold each other harmless against any all costs and claims of liability due to the breach of any representation, warranty or covenant and out of the use and occupancy of the property and easements.  Defendant caused damage to the roof, rooftop areas and portions of the building and damaged areas of the building within and outside of the exclusive and non-exclusive easements of the building.  The installation, removal, maintenance and repair of the cell phone towers and equipment caused damaged to the roof and the apartments and commercial units located within the building, as well as the building infrastructure and Defendant has not indemnified Plaintiff as it is obligated to do.

I.  The Plaintiff has incurred monetary costs of repairing the building, the roof and rooftop as well additional costs it still must pay to repair other portions of the building and rooftop.

J.  The property has been rendered in such poor shape by the Defendant that the Plaintiff has suffered a loss of tenants and rents in the building.

K.  Defendant's damage to Plaintiff's property is an invasion of Plaintiff's use and enjoyment of the property. Defendant took actions with its equipment and its lack of maintenance and care of Plaintiff's building which has caused substantial and unreasonable harm to Plaintiff.

L.  Defendant Global Tower Holdings, LLC has breached the net profits agreement set forth in paragraphs 23 through 26 by failing to pay Plaintiff the excess revenue and other income it is required to pay the Plaintiff pursuant to the Net Profits agreement.

M.  The damages have been caused by the Defendant since January 1, 2020 and are continuing.

## DAMAGES

28.  Plaintiff has suffered damages in the amount of $1,000.000.00 (One Million Dollars) including the cost of past repairs, present repairs, future repairs, loss of rents, increased cost of maintenance for the building, increased cost of security for the building and loss of excess revenue as set forth in paragraph 27.

Wherefore the Plaintiff claims the following:

A.  Compensatory damages in excess of $1,000.000.00 (One Million Dollars) against the Defendant.

B.  Its' reasonable counsel fees.

C.  For such other and further relief as may be necessary.

/s/ Richard J. Hackerman
_____
Richard J. Hackerman
3635 Old Court Road Suite 208
Baltimore, MD 21208
410 243 8800 (phone)
410 630 7232 (fax)
Attorney for Plaintiff
richard@richardhackerman.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing was served on the below listed counsel for the Defendant via the CM/ECF System

Douglas A. Sampson, Esquire
Saul Ewing Arnstein & Lehr LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland 21202

douglas.sampson@saul.com

this 10th day of May, 2023.          /s/ Richard J. Hackerman

                                                              Richard J. Hackerman

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| OLCAN III PROPERTIES, LLC | * |
| PLAINTIFF | * |
| V. | |
| GLOBAL TOWER HOLDINGS, LLC | *   Civil Action No. RDB 22-2456 |
| DEFENDANT. | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

\* \* \* \* \* \* \* \* \* \* \* \* \*

<u>REQUEST FOR JURY TRIAL</u>

MR. CLERK:

The Plaintiff requests that this matter be tried by jury.

/s/ Richard J. Hackerman
_____
Richard J. Hackerman
3635 Old Court Road Suite 208
Baltimore, MD 21208
410 243 8800 (phone)
410 630 7232 (fax)
Attorney for Plaintiff
richard@richardhackerman.com

CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the foregoing was served on the below listed counsel for the Defendant via the CM/ECF System

Douglas A. Sampson, Esquire
Saul Ewing Arnstein & Lehr LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland 21202

douglas.sampson@saul.com

this 10th day of May, 2023.     /s/ Richard J. Hackerman
                                     _____
                                     Richard J. Hackerman