**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | | |
|---|---|---|
| OLCAN III PROPERTIES, LLC | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:22-cv-02456-LKG |
| GLOBAL TOWER HOLDINGS, LLC | * | |
| Defendant. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GLOBAL TOWER**
**HOLDINGS, LLC'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT[1]**

Defendant Global Tower Holdings, LLC ("Global Tower"), by and through its undersigned counsel, hereby submits this Memorandum of Law in support of Its Motion to Dismiss the Second Amended Complaint ("Second Amended Complaint"), with prejudice, pursuant to Federal Rules of Civil Procedure 12(b)(6).

## INTRODUCTION

After its First Amended Complaint was summarily dismissed by this Court, Plaintiff, OLCAN III Properties, LLC ("Plaintiff") was given another opportunity to cure the legal deficiencies in its breach of contract claim against Global Tower. Yet, Plaintiff's Second Amended Complaint is replete with the same deficiencies as the first two complaints in this matter. The revised breach of contract claim still does not: (1) identify the specific provisions and/or terms of the agreement purportedly breached; (2) state what specific action or inaction by Global Tower caused the breach; or (3) identify with specificity how Plaintiff was damaged. Plaintiff's allegations still are nothing more than unsupported, threadbare "defendant harmed me" allegations

---

[1] While Plaintiff refers to an "Amended Complaint," it is in fact the Second Amended Complaint. [ECF No. 20].

that are insufficient to state a claim as a matter of law. The breach of contract claim should be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.[2]

## PROCEDURAL BACKGROUND

On August 4, 2022, Plaintiff filed this lawsuit in the Circuit Court for Baltimore City, styled as *OLCAN III Properties, LLC vs American Tower Corporation*, Case No. 24-C-22003419 [ECF No. 1/1]. On September 27, 2022, the named defendant, American Tower Corporation ("American Tower") timely removed the lawsuit to this Court pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and Local Rule 103.5 [ECF No. 1/0]. Plaintiff filed the Amended Complaint on November 15, 2022 and substituted Global Tower as the defendant in place of American Tower, alleging claims of breach of contract, negligence, negligent misrepresentation, and private claim for public nuisance. [ECF No. 12].

On January 31, 2023, Global Tower filed a motion to dismiss the amended complaint in its entirety. [ECF No. 15]. On April 25, 2023, this Court issued an order dismissing all four claims, dismissing the breach of contract claim without prejudice, and the remaining claims with prejudice. [ECF Nos. 18 and 19]. In allowing Plaintiff leave to amend the complaint to cure the deficiencies in the breach of contract claim, this Court stated:

> Olcan has failed to plead any terms of this "easement agreement", and it is consequently unclear what contractual obligation Global Towers could have breached. Furthermore, Olcan has not alleged what type of damage has resulted from the purported breach. Plainly, Plaintiff's allegations wholly fail to include facts supporting its breach of contract claim and amount to mere recitation of the elements.

*See* ECF No. 18, Mem. Op at 5.

---

[2] The Second Amended Complaint is just the latest in a string of litigations filed by Plaintiff's owner, Tony Sadeghi. Mr. Sadeghi has filed at least three additional lawsuits in the District Court for Baltimore City, Maryland and has threatened others in an attempt to intimidate and harass Global Tower and its employees with meritless claims that waste judicial resources. *See Sadeghi v. Alberts*, Case No. 010100073362023; *Sadeghi v. Global Tower Holdings, LLC,* Case No. 010100064562023; *Sadeghi v. Kelly Alberts and Douglas Sampson,* Case No. 010100019352022.

On May 10, 2023, Plaintiff filed the instant Second Amended Complaint with a revised breach of contract claim.  [ECF No. 20].  On May 19, 2023, Plaintiff, for the first time, served Global Tower with a copy of a summons and the (third) complaint filed in this action – 235 days after the original complaint was filed.  [ECF No. 22].

## FACTUAL ALLEGATIONS IN SECOND AMENDED COMPLAINT

Despite the Court providing an opportunity to cure its deficiencies, Plaintiff again fails to allege sufficient facts and contractual provisions to support a claim for breach of contract.  Twenty-three of the 27 paragraphs in the Second Amended Complaint summarize purported provisions from four separate agreements, without attaching the agreements or quoting the actual provisions.[3]  *See* Sec. Am. Compl.at ¶¶ 3-26.  Plaintiff concedes that Global Tower has the right to use a portion of the building and rooftop for wireless communication equipment, which takes up a very small percentage of the rooftop.  *Id*. at ¶ 15.  Plaintiff alleges conclusory "breaches" by Global Tower, without any specific facts of how those breaches were caused by actions or inaction of Global Tower.  *Id*. at ¶ 27.  Plaintiff requests relief in excess of one million dollars.  *Id.* at ¶ 28.

## STANDARD OF REVIEW

The purpose of a Rule 12(b)(6) motion is to test the legal sufficiency of the complaint. *Stanley v. Cent. Garden & Pet Corp.*, 891 F. Supp. 2d 757, 762 (D. Md. 2012). To survive a motion to dismiss, a plaintiff must state a claim that is plausible on its face and contains "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Nix v. NASA Fed. Credit Union*, 200 F. Supp. 3d 578, 586 (D. Md. 2016) (quoting *Iqbal*, 556

---

[3] Global Tower provided copies of these agreements to Plaintiff's counsel because Plaintiff did not have copies of the agreements prior to filing the original complaint for breach of those agreements in this lawsuit.

U.S.at 678). "Put another way, 'an unadorned, the-defendant-unlawfully-harmed-me accusation' does not state a plausible claim for relief." *Baltimore Scrap Corp. v. Exec. Risk Specialty Ins. Co.*, 388 F. Supp. 3d 574, 583–84 (D. Md. 2019) (quoting *Iqbal*, 556 U.S. at 678).

## ARGUMENT

### I.    The Second Amended Complaint Fails to State a Claim for Breach of Contract.

As in the Plaintiff's prior complaints, the Second Amended Complaint contains only bare assertions and unsupported legal conclusions, which are insufficient to state a claim upon which relief may be granted. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). Plaintiff's breach of contract claim must be dismissed because the Second Amended Complaint is so lacking in specificity as to render the claim inscrutable. "To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank*, N.A., 365 Md. 166, 175, 776 A.2d 645, 651 (2001). A complaint "alleging a breach of contract 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *RRC Ne., LLC v. BAA Md, Inc.*, 413 Md. 638, 655, 994 A.2d 430, 440 (2010) (quoting *Cont'l Masonry Co. v. Verdel Const. Co.*, 279 Md. 476, 481, 369 A.2d 566, 569 (1977)) (emphasis in original). Under Maryland law, "'skeletal factual allegations accompanied by nothing more than mere conclusions and general averments of a breach of a contractual duty do not suffice to establish' a plaintiff's breach of contract claim." *Titan Custom Cabinets, Inc. v. Truist Bank*, 505 F. Supp. 3d 558, 567 (D. Md. 2020) (quoting *Cont'l Masonry*, 279 Md. at 481, 369 A.2d at 569).

In the initial dismissal of the breach of contract claim, this Court found that the Plaintiff failed to: (1) plead any terms of the purported agreement; (2) establish how Global Tower breached

those terms; or (3) allege what type of damage has resulted from the breach. *Id*. at *4. (citing *Dern v. Liberty Mut. Ins. Co.*, No. GJH-15-1737, 2015 WL 8665329, at *4 (D. Md. Dec. 11, 2015)).  The revised allegations fair no better.

In *Dern*, this Court examined similar circumstances related to an alleged breach of an insurance agreement. *Dern*, 2015 WL 8665329 at *4. The Court found that the Plaintiff failed to: (1) identify the specific contract duty that was breached; (2) allege the specific provision of the agreement breached; (3) allege how the defendant's conduct breached any such provision; and (4) allege what damage Plaintiff specifically suffered. *Id*. at *4. The Court dismissed the breach of contract claim, holding that the claim "is so vague that Defendant cannot reasonably prepare a response. . ." *Id*. This Court should dismiss Plaintiff's breach of contract claim under the same rationale.

The Second Amended Complaint alleges that Plaintiff and Global Tower are parties to a Net Profits Agreement, Easement Agreement, Rooftop Lease, and Communications Site Lease. Yet, Plaintiff does not specify *which* of these four agreements Global Tower purportedly breached or how they were breached.  The Second Amended Complaint does not: (1) identify the specific provisions and/or terms of the agreement purportedly breached; (2) state what specific action or inaction by Global Tower caused the breach; or (3) identify with specificity how Plaintiff was damaged by Global Tower's breach.

Reading the allegations in a light most favorable to Plaintiff, the Second Amended Complaint alleges that Global Tower's use of the easement has damaged Plaintiff's Property, as previously alleged in the Amended Complaint. Such skeletal and conclusory allegations are insufficient to state a claim for breach of contract. *Titan Custom Cabinets*, 505 F. Supp. 3d at 567.

For example, Plaintiff alleges the following as a breach:

> The Defendant has violated the terms of the leases, easements and agreements referenced above by: […] Damaging the rooftop area of the building including the structure of the roof, beams, parapet walls, shingles, rafters and putting holes and gaps in the roof from the installation, maintenance and removal of cell phone antennas and equipment.

*See* Sec. Am. Comp. at ¶ 27(a). Plaintiff later alleges it suffered damages from Global Tower "[l]eaving the building open to the public by failing to secure and lock the building after accessing the building."[4] *Id*. at ¶ 27(g). For each of these allegations, Plaintiff generally references multiple agreements without identifying a specific provision in a specific agreement that Global Tower purportedly breached.  Plaintiff further fails to identify any specific action or inaction by Global Tower that caused a breach or the specific damage caused to Plaintiff.  In essence, Plaintiff alleges nothing more than "Global Tower harmed me" which is insufficient to state a claim for breach of contract under Maryland law. *Baltimore Scrap Corp.*, 388 F. Supp. 3d at 583–84.

The mere existence of a contract cannot be blindly attributed to some purported harm.  This Court previously found that Plaintiff's allegations "wholly fail to include facts supporting its breach of contract claim and mount to a mere recitation of the elements." *See* ECF No. 18, Mem. Op at 5.  Despite being given another chance to allege sufficient facts, the Second Amended Complaint once again fails to state a claim for breach of contract.  Plaintiff should not be given another opportunity.  The Second Amended Complaint should be dismissed, with prejudice.

## **CONCLUSION**

For all of the foregoing reasons, Global Tower respectfully requests that this Court dismiss the Second Amended Complaint in its entirety, with prejudice.

---

[4] It is unclear how Global Tower could have done this, as Plaintiff prevented Global Tower and its customers from accessing the site for more than two years.

6

Respectfully submitted,

Dated: <u>May 24, 2023</u>

<u>/s/ Douglas A. Sampson</u>
Mark A. Simanowith (Bar No. 28654)
Douglas A. Sampson (Bar No. 19800)
Anamika R. Moore (Bar No. 21689)
Saul Ewing LLP
1001 Fleet Street, 9th Floor
Baltimore, Maryland 21202
(410) 332-8661 (phone)
mark.simanowith@saul.com
douglas.sampson@saul.com
anamika.moore@saul.com

*Counsel for Defendant Global Tower Holdings, LLC*

7