IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| OLCAN III PROPERTIES, LLC, | * | |
| *Plaintiff*, | * | |
| v. | * | Civil Action No. RDB-22-2456 |
| GLOBAL TOWER HOLDINGS, LLC, | * | |
| *Defendant*. | * | |

\*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*     \*

## MEMORANDUM OPINION

This case was originally filed in the Circuit Court for Baltimore City by the Plaintiff Olcan III Properties, LLC ("Olcan") alleging breach of contract, negligent misrepresentation, negligence, and public nuisance by the Defendant Global Tower Holdings, LLC ("Global Tower"). (ECF No. 1.) The Defendant removed the case to this Court on the basis of diversity of citizenship of the parties, pursuant to 28 U.S.C. § 1332. (ECF No. 1.) In an earlier opinion, this Court granted the Defendant's motion to dismiss the negligent misrepresentation, negligence, and public nuisance claims with prejudice. (ECF No. 18.) The breach of contract claim was dismissed without prejudice. (*Id.*) The Plaintiff then filed a Second Amended Complaint alleging breach of contract arising out of an assigned lease, easement, communications site lease agreement, and net profits agreement between Plaintiff and Defendant. (ECF No. 20.) Olcan seeks damages for Global Tower's alleged damage to the leased building, as well as Global Tower's alleged failure to pay excess revenue to Olcan according to their net profits agreement.

Currently pending is Global Tower's Motion to Dismiss (ECF No. 24) the Second Amended Complaint (ECF No. 20) in its entirety with prejudice. The parties' submissions have been reviewed and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2023). For the reasons that follow, Defendant's Motion to Dismiss (ECF No. 24) is DENIED.

## BACKGROUND

Plaintiff Olcan III Properties, LLC is a Maryland limited liability company that owns a residential and commercial building located in Baltimore, Maryland known as 4437-4449 Belair Road, Baltimore City, Maryland, 21206 ("the building"). (Compl. ¶¶ 1–2, ECF No. 20.) According to the Second Amended Complaint, Olcan's predecessor in interest, Gardenville Realty Company, Inc. ("Gardenville"), entered into a rooftop lease of the building as landlord with Omnipoint Communications Cap Operations, LLC ("Omnipoint") as tenant. (*Id.* ¶ 3.) The lease agreement provided that the tenant must properly maintain the building and keep the building in good repair. (*Id.* ¶ 4.)

The building is subject to an easement dated May 22, 2007 in which Olcan, as "Site Owner," grants T2 Unison Site Management, LLC ("Unison") the right to use the rooftop for a cell tower to transmit and receive wireless communications signals. (*Id.* ¶¶ 14–15.) The easement provides access to Unison for the construction, maintenance, repair, replacement, improvement, and operation of towers, antennas, buildings, fences, gates, and wireless facilities. (*Id.* ¶ 16.) The easement grants an exclusive easement over the rooftop of the building, a non-exclusive easement over portions of the property for ingress and egress to the rooftop, and a non-exclusive easement for ingress and egress to other portions of the building to connect telecommunication equipment to support and maintain the cell tower.

(*Id.* ¶ 17.) The easement also includes a general indemnity provision that provides that "Site Owner and Unison shall each indemnify, defend and hold the other harmless against any and all costs (including reasonable attorney's fees) and claims of liability arising (i) due to breach of any representation, warranty of covenant of such indemnifying party set forth herein; and (ii) out of the use and/or occupancy of the Property and Easements by the indemnifying party." (*Id.* ¶ 18.)

Under the easement, the portion of the building subject to the easement may be leased, and any resulting rights and revenues may be assigned. (*Id.* ¶ 23.) On May 22, 2007, Olcan and Unison entered into a net profits agreement wherein Unison agreed to pay Olcan 40% of the excess revenue under the easement. (*Id.* ¶ 24.) Excess revenue is defined as rent actually received less costs and expenses of Unison due to Olcan's failure to comply with Olcan's obligations under the easement and 40% of any collection costs incurred in obtaining the rents. (*Id.*)

The building is also subject to a communications site lease agreement between Olcan and Nextel Communications of Mid-Atlantic, Inc. ("Nextel"), dated April 30, 2006, with Olcan as landlord and Nextel as tenant. (*Id.* ¶ 9.) The communications site lease agreement is incorporated into the May 22, 2007 easement. (*Id.* ¶ 10.) The agreement gives the tenant the right to construct, erect, maintain, replace, remove, and operate in the building communications facilities at the tenant's sole cost and expense. (*Id.* ¶ 11.) The agreement further provides that the tenant may remove the tenant's facilities at its sole expense, and the tenant "shall repair any damage to the Premises caused by such removal." (*Id.*)

Defendant Global Tower Holdings, LLC, is a Delaware limited liability company. (*Id.*

¶ 1.) On December 29, 2017, Global Tower was assigned Omnipoint's rights and obligations as tenant under its lease with Gardenville. (*Id.* ¶ 1.) Global Tower is the current assignee of the lease. (*Id.* ¶ 7.) Under the terms of the assignment of the lease to Global Tower, Global Tower agreed to assume the rights and obligations of the tenant, Omnipoint, under the May 22, 2007 easement and "any and all net profit agreements" pertaining to the building. (*Id.* ¶ 8.) Global Tower is therefore the successor in interest to the lease (*id.* ¶ 5), easement (*id.* ¶ 15), net profits agreement (*id.* ¶ 26), and communications site lease agreement (*id.* ¶ 9).

Since January 1, 2020 (*id.* ¶ 27M), Global Tower allegedly damaged the rooftop area of the building during its installation, maintenance, and removal of cell phone antennas and equipment. (*Id.* ¶ 27A.) Specifically, the structure of the roof, beams, parapet walls, shingles, rafters and putting holes and gaps were damaged. (*Id.*) Moreover, the three floors below the roof were also damaged as a result of the damage to the roof, causing leaks and damages to the ceilings and walls of commercial units, apartments, and the infrastructure of the building. (*Id.* ¶ 27B.) Global Tower also allegedly failed to properly maintain the building and keep it in good repair, and Global Tower allegedly left the building open to the public by leaving the building unlocked. (*Id.* ¶ 27E, G.) Furthermore, Global Tower allegedly failed to perform the construction and installation work within the building in a good and workmanlike manner by causing damage to the roof, rooftop, floors below the roof, and the infrastructure of the building. (*Id.* ¶ 27F). Global Tower additionally allegedly failed to repair damage caused through the installation, removal, maintenance, and repair of cell phone antennas and equipment. (*Id.*)

Olcan incurred monetary costs in repairing the building, the roof, and the rooftop,

and Olcan suffered a loss of tenants and rents because of the building's poor shape. (*Id.* ¶ 27I–J.) As a result, Olcan's use and enjoyment of the property was invaded. (*Id.* ¶ 27K.) Global Tower allegedly did not indemnify Olcan for the damage it caused to the building. (*Id.* ¶ 27H.) Global Tower also allegedly did not pay Olcan excess revenue according to the net profits agreement. (*Id.* ¶ 27L.) In total, Olcan has suffered damages amounting to $1,000,000 (one million dollars) including repairs, loss of rents and excess revenue, and increased cost of maintenance and security.

Olcan filed a four-count complaint against American Tower Corporation ("American Tower") on August 4, 2022 in the Circuit Court for Baltimore City, alleging breach of contract, negligent misrepresentation, negligence, and public nuisance. (ECF No. 1 at 1.) American Tower filed a notice of removal to this Court on September 27, 2022. (*Id.*) The complaint was amended on November 15, 2022, replacing American Tower with Global Tower as the defendant. (ECF No. 12.) On January 31, 2023, Global Tower moved to dismiss the first amended complaint. (ECF No. 15.) On April 25, 2023, Count One (the breach of contract claim) was dismissed without prejudice and with leave to amend within fifteen days, and Counts Two, Three, and Four (the negligent misrepresentation, negligence, and public nuisance claims) were dismissed with prejudice. (ECF No. 19.) On May 10, 2023, Olcan filed a second amended complaint alleging breach of contract. (ECF No. 20.) On May 24, 2023, Global Tower filed the presently pending motion to dismiss the second amended complaint. (ECF No. 24.)

## STANDARD OF REVIEW

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a Complaint must contain

a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P 8(a)(2). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006) (internal quotation marks omitted) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)).

To survive a motion under Rule 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) (quoting *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). A complaint need not include "detailed factual allegations." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A complaint must, however, set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if . . . [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim. *Iqbal*, 556 U.S. at 678; *see A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

## ANALYSIS

Plaintiff's Second Amended Complaint asserts a single cause of action against Defendant for breach of contract. In its Motion to Dismiss the Second Amended Complaint, Defendant argues that Plaintiff fails to allege facts sufficient to state a plausible claim for relief because the complaint does not "(1) identify the specific provisions and/or terms of the agreement purportedly breached; (2) state what specific action or inaction by Global Tower caused the breach; or (3) identify with specificity how Plaintiff was damaged." (ECF No. 24-1 at 1.)

"To prevail in an action for breach of contract, a plaintiff must prove that the defendant owed the plaintiff a contractual obligation and that the defendant breached that obligation." *Taylor v. NationsBank, N.A.*, 776 A.2d 645, 651 (Md. 2001); *Noel v. PACCAR Fin. Corp.*, 568 F. Supp. 3d 558, 569 (D. Md. 2021). Under Maryland law, the elements of a claim for breach of contract are "contractual obligation, breach, and damages." *Parkway 1046, LLC v. U.S. Home Corp.*, 961 F.3d 301, 307 (4th Cir. 2020) (quoting *Kumar v. Dhanda*, 17 A.3d 744, 749 (Md. Ct. Spec. App. 2011), *aff'd*, 43 A.3d 1029 (Md. 2012)). A complaint "alleging a breach of contract 'must of necessity allege with certainty and definiteness *facts* showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by defendant.'" *RRC Ne., LLC v. BAA Md, Inc.*, 994 A.2d 430, 440 (Md. 2010) (emphasis in original) (quoting *Cont'l Masonry Co. v. Verdel Const. Co.*, 369 A.2d 566, 569 (Md. 1977)).

As Defendant correctly notes, "[t]he Second Amended Complaint alleges that Plaintiff and Global Tower are parties to a Net Profits Agreement, Easement Agreement, Rooftop Lease, and Communications Site Lease." (ECF No. 24-1 at 5.) The lease required

the tenant to keep the building in good repair. (ECF No. 20 ¶ 4.) The Communications Site Lease required the tenant to repair any damage to the building caused by the tenant's negligence (*Id.* ¶ 11), and the Easement required the tenant to indemnify the other party for costs arising out of the use of the property by the indemnifying party (*Id.* ¶ 18). Additionally, the Net Profits Agreement required the tenant to share excess revenue with the Site Owner. (*Id.* ¶ 24.)

Plaintiff alleges breach of these contractual obligations by claiming that Defendant damaged the rooftop during its installation, maintenance, and removal of cell phone antennas and equipment, which resulted in damage to three floors below the roof, including commercial units, apartments, and the building's infrastructure. (*Id.* ¶¶ 27A–F.) Plaintiff further alleges that Defendant failed to repair this damage and failed to indemnify Plaintiff for Plaintiff's repairs. (*Id.* ¶¶ 27H–I.) Moreover, Plaintiff alleges Defendant failed to share net profits under the Net Profits Agreement. (*Id.* ¶ 27L.) Lastly, Plaintiff alleges damages in the amount of $1,000,000 (one million dollars) for repairs, loss of rents and excess revenue, and increased cost of maintenance and security. (*Id.* ¶ 28.) These allegations of contractual obligation, breach, and damages sufficiently state a claim for breach of contract. Accordingly, Plaintiff may proceed on its breach of contract claim in this Court, and Defendant's Motion to Dismiss (ECF No. 24) is DENIED.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Dismiss (ECF No. 24) is DENIED.

A separate Order follows.

Dated: September 13, 2023

                                         /s/
                                      Richard D. Bennett
                                      United States District Judge